**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:20cr12-MHT** |
| | ) | **(WO)** |
| **JEFFREY SCOTT CARTER** | ) | |

**OPINION AND ORDER**

This case is before the court on defendant Jeffrey Scott Carter's motion to continue his trial. For the reasons set forth below, the court finds that Carter's trial, now set for May 11, 2020, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

> indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(7)(B)(iv).  The Act also excludes any delay "resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."  § 3161(h)(1)(A).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Carter in a speedy trial. Carter is in custody.  He and his attorney agree that

he should receive a forensic psychological evaluation before proceeding with change of plea proceedings or with a trial.  But because of limits imposed in response to the COVID-19 pandemic, experts are not currently allowed into the Montgomery City Jail.  Accordingly, Carter has not been evaluated by a forensic psychologist.  Therefore, a continuance is necessary to allow defense counsel reasonable time to prepare effectively for trial or to consider a plea agreement.  During an on-the-record conference call, defense counsel clarified that a continuance until the court's August trial term is preferred.  The court finds that such a continuance would facilitate a fair trial and would not prejudice the parties or the public.  Further, there is no objection from the government regarding Carter's request.

The jury selection and trial of this case will therefore be continued.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The motion to continue the trial (doc. no. 19) is granted.

(2) The jury selection and trial for defendant Jeffrey Carter, now set for May 11, 2020, are continued until August 24, 2020, at 10:00 a.m., in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the August 24 trial term.

DONE, this the 29th day of April, 2020.

                              /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**